BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Robyn M. Feldstein
direct dial: 212.589.4278
rfeldstein@bakerlaw.com

January 8, 2025

**VIA ECF**

Honorable Edgardo Ramos
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Gabrielli v. Insider, Inc. – 1:24-cv-01566 – Defendant's Response to Plaintiff's Notice of Supplemental Authority*

Dear Judge Ramos:

We represent the Defendant in the above-referenced matter. On August 1, 2024, Defendant filed its Motion to Dismiss Plaintiff's First Amended Class Action Complaint. [ECF No. 23.] Plaintiff filed its Opposition to same on August 22, 2024 [ECF No. 29], and on August 29, 2024, Defendant filed its Reply [ECF No. 30.].

On November 27, 2024, Plaintiff filed a Notice of Supplemental Authority, "bring[ing] to the Court's attention an October 15, 2024 Order by the Second Circuit in *Salazar v. National Basketball Association*, Case No. 23-1147, ECF No. 89 (2d Cir. Oct. 15, 2024)" and attaching the "*Salazar* Order…as **Exhibit 1**." [ECF No. 34.] Plaintiff claimed that "[t]he *Salazar* Order is relevant to the Parties' respective arguments regarding whether Plaintiff has alleged a concrete injury sufficient for Article III standing." [*Id.*]

While Plaintiff is correct that the Second Circuit's decision in *Salazar* discussed the sufficiency of harm allegations in the context of online tracking, she is incorrect in stating that the allegations in *Salazar* are at all comparable to the allegations in this case.

In *Salazar*, the plaintiff-appellant, Salazar, alleged that the defendant-appellee, the National Basketball Association ("NBA"), violated the Video Privacy Protection Act ("VPPA") by disclosing to Meta Platforms, Inc. ("Meta") "his video-watching history and 'Facebook ID.'" *Id.* at 536. At the trial court level, the NBA challenged whether Salazar had "adequately pled injury as necessary to demonstrate Article III standing to sue for a violation of the VPPA." *Id.* at 540. The trial court found that he had, and the Second Circuit agreed. *Id.* at 540. Specifically, the Second Circuit found that Salazar "ha[d] pled that he suffered an injury closely related to the public disclosure of private facts," and, therefore, his alleged injury was sufficiently "particularized and actual" for Article III standing purposes. *Id.* at 544

The facts in *Salazar* are distinguishable from the facts alleged here because in *Salazar,* the plaintiff alleged that the NBA had disclosed to Meta information that Meta could use to specifically identify him—namely, his "Facebook ID," which is a "number unique to each individual Facebook account" that Meta can "link to a given profile." *Id.* at *538. Based on the disclosure of this "personally identifiable information," the Second Circuit had "'no trouble' holding…that Salazar's alleged harm is sufficiently concrete to withstand dismissal." *Id.* at 542.

That, however, is not the case here. Plaintiff does not allege that the "trackers" in question sent to any third party information that specifically identified her. Instead, she claims that the "trackers" sent to third parties her "IP address," [ECF No. 19, ¶ 22], which provides the general location—"state, city, and zip code" [*id.* at ¶ 25]—of the device she was using at the time. Put another way, Plaintiff here does not allege that anyone could identify *her* from the information allegedly collected by trackers on the site; she merely alleges that the information allegedly collected by trackers on the site showed that *someone* from a general area had visited the site.

Without alleging that the information allegedly collected and disclosed could identify *her*, Plaintiff's alleged injury is unlike the injury alleged in *Salazar* because it is not "closely related to the public disclosure of private facts." *Salazar*, 118 F.4th at 541; *see also id*. (noting that the "common-law analog" of "public disclosure of private facts" is "triggered when one gives publicity to a matter ***concerning the private life of another***, ... if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public" (internal quotations and citations omitted).)

Respectfully submitted,

/s/ *Robyn M. Feldstein*

cc: Counsel for Plaintiff via ECF